# In the United States Court of Federal Claims

No. 13-971C

(Filed: January 10, 2014)

```
*************************************
                                    *
STEVEN E. EDWARDS,                  *
                                    *
                 Plaintiff,         *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                 Defendant.         *
                                    *
*************************************
```

**FILED**
JAN 10 2014
U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

On December 9, 2013, *pro se* Plaintiff Steven E. Edwards filed suit in this Court against the U.S. District Court for the Middle District of North Carolina, a district court judge, two federal prosecutors, and his defense counsel. On December 11, 2013, Mr. Edwards filed an application to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize the commencement and prosecution of a civil action without prepayment of fees and costs by a person who, by affidavit, demonstrates that he is unable to pay such costs. Mr. Edwards has supplied the Court with an executed, standard-form application to proceed in forma pauperis. Accordingly, Mr. Edwards' application is hereby GRANTED. However, for the reasons set forth below, his complaint must be dismissed for lack of subject matter jurisdiction.

Subject matter jurisdiction is defined as a court's authority to hear and decide the case before it. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998). Thus, the existence of subject matter jurisdiction must first be established before a court can consider the merits of a complaint. Id. at 94-95. In addition, every court has the duty to inquire into its authority to hear a case, regardless of whether the issue has been raised by the parties. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001); Miller v. U.S. Postal Serv., 231 Ct. Cl. 804, 809 (1982). "If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the U.S. Court of Federal Claims ("RCFC") 12(h)(3).

The subject matter of this case is Mr. Edwards' conviction by plea agreement in the U.S. District Court for the Middle District of North Carolina for mail fraud, theft of health care funds, and attempt to evade and defeat federal taxes. See United States. v. Edwards, No. 1:05CR265-1 (M.D.N.C. June 26, 2006). Specifically, Mr. Edwards argues that his "sentencing was done illegally" and objects to his forfeiture of property, payment of restitution, and sentencing enhancements. Compl. 2. As relief, he requests that this Court "enforce the contract that was not done under good faith." Compl. 1.

These claims cannot be prosecuted in this forum, as "the Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001) (citing Santobello v. New York, 404 U.S. 257 (1971)). In fact, Mr. Edwards has already unsuccessfully challenged his sentence in the proper courts. In the district court, he filed both a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and a § 2244 motion for leave to file a second or successive habeas petition. In the U.S. Court of Appeals for the Fourth Circuit, he filed a notice of appeal. Mr. Edwards' lack of success in making those challenges does not entitle him to another opportunity here. Finally, even if Plaintiff could state a viable claim, this Court lacks the authority to hear claims against individual Government officials. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)).

For the reasons set forth above, this Court lacks jurisdiction to adjudicate the merits of Mr. Edwards' complaint. Accordingly, this action is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge